James D. Weinberger (jweinberger@fzlz.com)
Jessica Vosgerchian (jvosgerchian@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, New York 10036
Tel:  (212) 813-5900
Fax:  (212) 813-5901

*Counsel for Plaintiff Colgate-Palmolive Company.*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

COLGATE-PALMOLIVE COMPANY,

      *Plaintiff*,

   v.

RANIR, LLC,

      *Defendant*.

---

## **COMPLAINT**

Plaintiff Colgate-Palmolive Company ("Colgate" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Ranir, LLC ("Defendant"), alleges as follows:

### **NATURE OF THE ACTION**

1. For over a century, Colgate has been a leading producer of oral care products, including toothbrushes.  Since 2005, Colgate has offered and sold toothbrushes under the federally registered trademark "360°" (the "360° Trademark").  Toothbrushes featuring the 360° Trademark are market leading products, with substantial advertising and sales and a strong reputation in the marketplace. Despite the renown of the 360° Trademark and despite having actual and constructive knowledge of Colgate's rights therein, Defendant has, without authorization or permission from Colgate, used "SMILE 360" in connection with its own line of

oral care products, including toothbrushes and is marketing and selling such products throughout the United States, including but not limited to in this district. Such use of the 360 Trademark impermissibly creates an association between Colgate and Defendant in the minds of consumers. As a result, to protect the goodwill that it has established in the 360° Trademark, Colgate brings this action for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 360-*l* of the New York General Business Law; and trademark infringement and unfair competition under the common law of New York. As described below, Colgate seeks injunctive relief, an accounting of Defendant's profits flowing from its use of the infringing mark, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

2. Colgate is a corporation duly organized and existing under the laws of the State of Delaware, with its primary place of business located at 300 Park Avenue, New York, New York 10022.

3. Upon information and belief, Defendant Ranir, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its headquarters at 4701 East Paris Avenue SE, Grand Rapids, Michigan 49512.

## JURISDICTION & VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b). The Court has supplemental

jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because, upon information and belief, (i) Defendant continuously and systematically conducts, transacts and solicits business in the State of New York, (ii) Defendant has committed and is committing tortious acts within this State by marketing, promoting, advertising and offering for sale the products bearing the infringing trademark and (iii) the events giving rise to this Complaint occurred in the State of New York and/or had effects in this State.

6. Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the events giving rise to the claims, including, but not limited to, Defendant's marketing, promoting, advertising, and offering for sale of oral care products in violation of Colgate's exclusive rights in the 360° Trademark occurred in this District, Colgate is suffering harm in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. **Colgate and the 360° Trademark**

7. Colgate has for many years been engaged in the manufacture, distribution, marketing and sale of a wide variety of oral care products, including toothbrushes.

8. Since at least 2005, Colgate has manufactured and marketed toothbrushes under the 360° Trademark.

9. Colgate 360° toothbrushes come with the latest innovations to give users a whole mouth clean by combining product features such as multi-functioning bristles, gentle polishing cups, a raised cleaning tip and a unique cheek and tongue cleaner.

10. Representative samples of Colgate products bearing the 360° Trademark are shown here:



11. 360° toothbrushes are advertised throughout the United States, on television, online, in print magazines, in flyers and advertising circulars and on in-store displays. Colgate has spent millions of dollars on advertising and promotions for 360° branded toothbrushes over the past five years.

12. Colgate has achieved sales of products bearing the 360° Trademark in the United States in the hundreds of millions of dollars over the past five years. Over that time,

toothbrushes bearing the 360° Trademark have been among the best-selling toothbrush brands in the United States market.

13. As a result of Colgate's reputation, use and substantial sales success and significant investment in advertising, the 360° Trademark has become a strong trademark identifying Colgate's products exclusively. As such, the 360° Trademark represents enormous goodwill and is an extremely valuable asset to Colgate.

14. Additionally, Colgate owns several U.S. trademark registrations for the 360° Trademark for oral care products and related goods, including the following:

- 360°, U.S. Reg. No. 2,980,009, registered July 26, 2005, based on first use in February 2005, for "toothbrushes" in International Class 21;

- 360° & Design, U.S. Reg. No. 3,238,154, registered May 1, 2007, based on first use in March 2005, for "toothbrushes" in International Class 21;

- 360° ENAMEL HEALTH, U.S. Reg. No. 4,818,782, registered September 22, 2015, based on first use in 2014, for "Toothbrushes" in International Class 21; and

- 360° FRESH 'N PROTECT, U.S. Reg. No. 4,144,306, registered May 15, 2012, based on first use in 2012, for "Toothbrushes; oral hygiene devices, namely, interdental cleaners" in International Class 21.

The above registrations, copies of which are attached as **Exhibit A** hereto, are valid, subsisting and in full effect and serve as *prima facie* evidence of the validity of the 360° Trademark, pursuant to Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a). Additionally, U.S. Reg. Nos. 2,980,009, 3,238,154 and 4,144,306, have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serve as conclusive proof of Colgate's exclusive right to

use the 360° Trademark in connection with the goods identified therein, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

B.  **Defendant's Wrongful Activities**

7.  In late 2017, Defendant, an oral care manufacturer, launched a new line of toothbrushes, whitening strips and dental floss under SMILE 360. A representative sample of Defendant's SMILE 360 product line is shown here:



8.  Defendant currently is not associated or affiliated with Colgate and has never been authorized or otherwise licensed to use the 360° Trademark in connection with the sale or offering for sale of any goods or services.

9.  The oral care products Defendant offers under SMILE 360 are not offered or approved by Colgate.

10. Defendant's use of SMILE 360 in connection with oral care products began over a decade after Colgate first began using the 360° Trademark in connection with toothbrushes, and long after the public came to associate that mark exclusively with Colgate.

11. As a matter of law, Defendant was on constructive notice of Colgate's rights in the 360° Trademark based on Plaintiff's registrations therefore.

12. Furthermore, upon information and belief, Defendant was on actual notice of Colgate's rights in the 360° Trademark long before Defendant adopted SMILE 360. Until December 31, 2017, Defendant had been a contract manufacturer of Colgate travel-size toothpaste products for several years and Defendant employs at least one former Colgate employee in connection with oral care product development.

13. The addition of the word SMILE to Defendant's trademark does nothing to dispel confusion. First, SMILE is a descriptive term when used on or in connection with oral care products, and does nothing to distinguish SMILE 360 from the 360° Trademark. Second, Colgate uses its 360° Trademark together with other words such as ENAMEL HEALTH and FRESH 'N PROTECT, meaning that consumers are accustomed to seeing the 360° Trademark with other terms.

14. Accordingly, Defendant's unauthorized use of SMILE 360 is with a deliberate intent to trade on the goodwill of Colgate's 360° Trademark and with the deliberate intent to create a false impression as to the source or sponsorship of Defendant's oral care products. The goodwill that Colgate has built up in its 360° Trademark through years of substantial investment and effort is put at risk by virtue of Defendant's misappropriation of the 360° Trademark to sell and promote its own oral care products.

15. As a result of Defendant's use of the 360° Trademark or confusingly similar variations thereof, Colgate is being irreparably harmed by the existence, marketing, promotion, offering for sale, and sale of Defendant's oral care products offered using SMILE 360.

16. Defendant's acts are likely to injure Coalgate's goodwill and reputation. The use by Defendant of Colgate's 360° Trademark unfairly and unlawfully wrests from Colgate control over its valuable trademarks and reputation. Colgate has no control over the quality of Defendant's oral care products. As a result, Defendant's use of SMILE 360 jeopardizes and may permanently damage Colgate's extremely valuable reputation.

17. Thus, Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Colgate's business and goodwill unless restrained by this Court.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

18. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 as if fully set forth herein.

19. Defendant's advertising, promotion, offering for sale and sale of oral care products using "SMILE 360" is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's goods.

20. As a result of Defendant's unauthorized use of Colgate's federally registered 360° Trademark, consumers are likely to believe that Defendant's oral care products have been approved by or are otherwise associated with Colgate.

21. Such use falsely represents Defendant as being legitimately connected with and/or authorized by Colgate and places beyond Colgate's control its own reputation and ability to control the use of the 360° Trademark or the quality of the goods bearing those marks.

22. Defendant's infringement of Colgate's registered trademarks is willful, intended to reap the benefit of the goodwill of Colgate, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

23. Defendant's conduct has caused and is causing irreparable injury to Colgate and will continue to both damage Colgate and deceive the public unless enjoined by this Court.

24. Colgate has no other adequate remedy at law.

### SECOND CLAIM FOR RELIEF: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant's use of SMILE 360 for goods that are identical, related and/or substantially similar to those offered by Colgate under its 360° Trademark constitutes a false designation of origin and a false representation as to the origin of Defendant's goods. Defendant's use of SMILE 360 in connection with oral care products is likely to cause confusion, mistake, or deception as to the source of Defendant's goods and is likely to create the false impression that those goods are authorized, sponsored, endorsed, licensed by, or affiliated with Colgate.

27. Defendant's conduct is willful, intended to reap the benefit of the goodwill of Colgate, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

28. Defendant's conduct has caused and is causing irreparable injury to Colgate and will continue both to damage Colgate and deceive the public unless enjoined by this Court.

29. Colgate has no other adequate remedy at law.

## THIRD CLAIM FOR RELIEF:
## TRADEMARK INFRINGEMENT AND
## <u>UNFAIR COMPETITION UNDER NEW YORK COMMON LAW</u>

30.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as if fully set forth herein.

31.     Defendant's use of SMILE 360 in connection with oral care products is likely to confuse the public as to the origin, source or sponsorship of Defendant's goods, or to cause mistake or to deceive the public into believing that Defendant's goods are authorized, sponsored, endorsed, licensed by, or affiliated with Colgate, in violation of Colgate's rights in the 360° Trademark under the common law of the State of New York.

32.     Upon information and belief, Defendant chose SMILE 360 with full knowledge of Colgate's prior use of and rights in the 360° Trademark.  By adopting and using a colorable imitation of Colgate's 360° Trademark, Defendant has been unjustly enriched and Colgate has been damaged.

33.     By misappropriating and trading upon the goodwill and business reputation represented by Colgate's 360° Trademark, Defendant has been and, unless enjoined by this Court, will continue to be unjustly enriched at Colgate's expense.

34.     Defendant's conduct constitutes unfair competition and trademark infringement under the common law of the State of New York.

35.     Defendant's conduct has caused and is causing irreparable injury to Colgate and will continue to both damage Colgate and deceive the public unless enjoined by this Court.

36.     Colgate has no other adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## DILUTION UNDER NEW YORK LAW (N.Y. General Business Law § 360-*l*)

37. Plaintiff repeats and realleges paragraphs 1 through 36 above as if fully set forth herein.

38. As a result of Colgate's extensive use and promotion of the 360° Trademark and the goods offered thereunder, the 360° Trademark is highly distinctive of Colgate's goods and are widely recognized among the consuming public as a designation of source of Colgate's goods. The 360° Trademark was distinctive and widely known before Defendant commenced its unauthorized use of SMILE 360 as described herein.

39. Defendant's commercial use of SMILE 360 is diluting the 360° Trademark by impairing the distinctiveness thereof, thereby lessening the capacity of the 360° Trademark to identify and distinguish Colgate exclusively, in violation of Section 360-*l* of the General Business Law of the State of New York.

40. Defendant's conduct has caused and is causing irreparable injury to Colgate and will continue to both damage Colgate and deceive the public unless enjoined by this Court.

41. Colgate has no other adequate remedy at law.

\* \* \*

**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

**1)** That a permanent injunction be issued enjoining Defendant, and any of its officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of Defendant, in any jurisdiction in which they operate, from:

(a) imitating, copying or making unauthorized use of the 360° Trademark, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation thereof, including but not limited to SMILE 360 (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any goods, businesses or services offered by Defendant or the advertising or promotion thereof;

(b) using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendant or any individual, entity or other third party affiliated with Defendant;

(c) using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendant;

(d) applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any Prohibited Mark;

(e) using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale or the provision of any goods or services;

(f) engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of Plaintiff's 360° Trademark; or

(g) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

**2)** Directing that Defendant deliver up to Plaintiff's attorneys for destruction all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials,

advertisements and other materials currently in their possession or under their control, incorporating, featuring or bearing any Prohibited Mark.

   3)  Directing that Defendant disable and transfer to Colgate any domain name incorporating a Prohibited Mark.

   4)  Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any good offered or promoted by Defendant within the United States is authorized by Plaintiff or related in any way to Plaintiff or that Defendant is otherwise affiliated with Plaintiff.

   5)  Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

   6)  Awarding Plaintiff such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition.

   7)  Awarding Plaintiff all gains, profits, property and advantages derived by Defendant from its unlawful conduct and, pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of actual damages sustained as a result of Defendant's violation of the Lanham Act.

   8)  Awarding to Plaintiff exemplary and punitive damages to deter any further willful trademark infringement as the Court finds appropriate.

   9)  Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees.

   10)  Awarding to Plaintiff interest, including pre-judgment interest on the foregoing sums.

**11)**   Awarding to Plaintiff such other interim relief, including, but not limited to a preliminary injunction, or permanent relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in this action.

Dated: January 29, 2018  
       New York, NY

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____  
    James D. Weinberger (jweinberger@fzlz.com)  
    Jessica Vosgerchian (jvosgerchian@fzlz.com)  
4 Times Square, 17th Floor  
New York, New York 10036  
(212) 813-5900

*Counsel for Plaintiff Colgate-Palmolive Company*